NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILLIP MARTINEZ, | No. 19-56296 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-02160-TJH-AFM |
| v. | |
| UNITED STATES BUREAU OF PRISONS; et al., | MEMORANDUM* |
| Defendants-Appellees, | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted November 23, 2020**

Before: GOODWIN, SCHROEDER, and SILVERMAN, Circuit Judges.

Phillip Martinez, a former federal prisoner proceeding pro se, appeals the

district court's dismissal of Martinez's action filed pursuant to *Bivens v. Six*

*Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging violations of his Fifth and Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

The district court properly dismissed Martinez's Fifth Amendment claim concerning his placement in a maximum-security prison because inmates lack a protected liberty interest in their housing or classification status. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that an inmate lacked due process protections in his transfer between prisons, resulting in a reclassification to maximum security, because the transfer was "within the normal limits or range of custody which the conviction has authorized the State to impose"); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (stating that *Meachum's* holding applies to "prison classification . . . in the federal system").

The district court properly dismissed Martinez's Eighth Amendment claim alleging inadequate exercise, first, because a *Bivens* remedy is not available for such a claim. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (urging courts to use caution before extending the *Bivens* remedy into new contexts and requiring a "special factors" analysis before doing so). Second, the district court properly dismissed the claim because Martinez failed to allege medical effects as a result of any temporary denial of exercise. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) ("a temporary denial of outdoor exercise with no medical effects is not a

2

substantial deprivation," a requirement of an Eighth Amendment conditions-of-confinement claim).

The district court properly dismissed Martinez's Eighth Amendment claim alleging deliberate indifference to a serious medical need because Martinez failed to allege facts showing that he had a serious medical need or that any defendant was deliberately indifferent that need. *See Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) ("Prison officials violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs. A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." (citations, alterations, and quotation marks omitted)).

**AFFIRMED.**